J. J. GROFF

 vs. No. 7547.

H. A. OTIS AND NICHOLAS RICHARME.

May 15th, 1919.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for the price of materials sold and delivered, upon the following oid and acceptance:

"Bedell Structural Steel Works,

New Orleans, La., Sept. 25th, 1917.

Mr. H. A. Otis.

Dear Sir:

For the sum of $1200.00 we propose to furnish, faoricate, and deliver, to Gretna bank, material as follows, for the account of N. Richarme (here follow measurements, etc.) . . . Payment to be made 45 days from date of order. Kindly sign one of these copies to complete our files as we have no acceptance of the above as yet.

"Signed" Bedell S. S. Wks.

per Chas. Bedell.

Accepted:

"Signed" H.A.Otis."

Richarme appeared in proper person and denied all the allegations of the petition, and alleged "that in all the transactions, dealings, and matters contained in plaintiff's petition, defendant acted solely and only as the agent and manager of his son A. C. Richarme, who held a contract with the Board of Commissioners of the Lafourche Basin Levee District to do certain revetment work in or near Gretna, Louisiana", all of which was well known to the plaintiff, and that therefore he is not liable.

H. A. Otis likewise filed a general denial; and he averred that he "acted solely and only for and in behalf of N. Richarme, agent for A. C. Richarme, and in no manner whatsoever did he intend to make himself liable individually for the cost of said material &c."

There was judgment for the plaintiff and against both

421

defendants i otis.

H. A. Otis has appealed.

Charles Bedell, manager for plaintiff, testifies that after the work was done he called on Mr. Otis to collect the bill and Mr. Otis gave him his check for $600, and promised to pay the balance, which he failed to do notwithstanding numerous demands; N. Richarme had asked him to furnish the materials which he refused to do unless he furnished-a surety; he did not know that it was A. C. Richarme who had the contract with the Levee Board, nor did N. Richarme tell him that he was acting as agent for his son A. C. Richarme; never heard of it till now; neither did Mr. Otis tell him anything of the kind.

Joseph J. Groff, the plaintiff, says he knew nothing about A. C. Richarme having a contract with the Levee Board.

Nicholas Richarme testifies that he has been out of business eight years on account of ill-health; that he was -succeeded by his son A. C. Richarme; the work for the Levee was awarded to A. C. Richarme; he was manager for A. C. Richarme; Bedell never told him he would not give him credit; he owes plaintiff nothing; there was no question of surety; Otis was his son's surety on the job required by the Levee Board; told Bedell it was his son's contract and that Otis was his surety; has been acting as his son's manager for the last eight years; he does not remember now whether he told Bedell that the contract had been awarded to his son and that he was acting for him; he never saw and never knew of the bid addressed to H. A. Otis and accepted by him; this is the first time he saw it.

H. A. Otis was surety for A. C. Richarme on the Levee Board contract; he signed the acceptance of plaintiff's bid dated September 25th, 1917; the check of $600 was issued for account of A. C. Richarme's work; he does not know whether it was his check or that of Geier Bros.

It is evident that plaintiff dealth with Nicholas Richarme and accepted H. A. Otis as his surety. He never knew A. C. Richarme in the transaction. The bid speaks more reliably than the testimony of any witness.

One who alleges that he was acting as agent in making a

contract but who failed to disclose his agency at the time will

be liable individually. 12 Ct. App. 323. 476 Ct App 400 —
4 N.S. 528 - 13 La 20 - 15 La 306 - 2 a 559 - 14 A 444 -
20 A 363 - 38 A 485 - 44 a 209 - 128 La 260 (265) -
31 Cyc 1515 - 2 C.J. 816 § 491. 494 note 40 — 1 McGloin 52.

The judgment appears to us correct and it is affirmed.

May 15th, 1919.

2 Kent § 630. 631 - Smith's Merc Law 195 -
Story Agency - § 266 - 21 Bendry - Lec p 386
§ 800 - 806 - 28 Laurent p 61 § 60, 199. - 4 Aubry
& Rau p 652 no 3 - 18 Dmanton § 262 p 250 -
30 Dalloz Rep Leg p 727 § 314 - 4 Pothier p 252
no 88 - 16 Trop § 519 -

423